TOWNSHIP OF INAVALE V. JUDSON BAILEY, COUNTY
CLERK, ET AL.  · ˈ

[FILED OCTOBER 26, 1892.]

**County Supervisors:** PROCEEDINGS OF BOARD: MAJORITY
VOTE: HOW DETERMINED: CHANGING TOWNSHIP BOUNDA-
.RIES.  Section 912 of the Consolidated Statutes provides that
"two-thirds of the whole number of supervisors elected shall
constitute a quorum, and a majority thereof, if present, may
transact business."  In changing the boundaries of a township,
there were present seventeen members of the board, of which
eight voted in favor of the change and seven against, and two
refrained from voting.  *Held*, That it was the duty of all pres-
ent to vote, and those not voting must be counted in making
up the aggregate, and that as less than a majority had voted in
favor of the proposition, it had failed.

ERROR to the district court for Webster county.  Tried
below before GASLIN, J.

John R. Wilcox, for plaintiff in error.

Case & McNeny, contra.

MAXWELL, CH. J.

A demurrer to the petition was sustained in the court
below and the action dismissed.  The petition is as follows:

"Your petitioner says that it is one of the townships of
Webster county, Nebraska; that defendant Walnut Creek
township is also one of the townships of said county; that
defendant Judson Bailey, is county clerk of said county,
and defendant Manley McNitt is treasurer of said county.

"Your petitioner says that prior to and up to June 21,
1888, the south boundary of Inavale township was the
Republican river, and the boundary of defendant Walnut
Creek township was the same portion of the Republican
river; that some time prior to said June 21, 1888, the de-

fendant Walnut Creek township, without notice to plaintiff, presented to the defendant board of supervisors a petition signed solely by residents and property owners of said Walnut Creek township, praying the said board to change the boundary of the said Inavale and Walnut Creek townships so as to make the township line between towns 1 and 2, range 12, the boundary between said townships instead of the river; plaintiff says that the effect of this change, when made, was to transfer from Inavale township to Walnut Creek township the following lands and the personal property of those living thereon, to-wit: lots 1, 2, 3, 4, and 5 of section 1, town 2, range 12; lots 1, 2, 3, 4, 5, and 6, section 2, town 1, range 12; northeast quarter the north half, and southeast quarter of the northwest quarter, and lots 3, 4, 5, and 6, section 3, town 1, range 12; northwest quarter, the north half, the northeast quarter, and lots 3, 4, 5, and 6, section 4, town 1, range 12; all the north half, and lots 3, 4, 5, and 6, section 5, town 1, range 12; all section 6, and north half northeast quarter, the northeast quarter of the northwest quarter, and lots 4, 5, and 6, section 7, town 1, range 12.

"Plaintiff says that all the owners of said land and property remonstrated and objected against said change, but that the said defendant board of supervisors illegally and unlawfully made such change, and defendant Bailey threatens to put, is putting, or has put said property upon the tax list of Webster county, Nebraska, for the year 1888, as though said property was in Walnut Creek township, and to put it upon the township tax list of said township. Defendant McNitt threatens to collect the township taxes for the year 1888 upon said property and pay them over to the said Walnut Creek township.

"Plaintiff prays that defendant Bailey may be ordered to put said property upon the tax list of Inavale township in both township and county tax books; that the said pretended change in the boundary lines of said plaintiff and

defendant townships may be declared illegal and void, and that defendant McNitt may be ordered to pay over the township taxes which he may collect upon said property to plaintiff."

This petition was duly verified. The petition was amended by adding the following:

" Comes now plaintiff and amends his petition by adding the following allegations thereto: That said order for. said change of boundaries is void, for that there were present at the meeting of the defendant board of county supervisors, June 21, 1888, at which said order was made, seventeen members of the board ; that the question of the change of boundaries came up before said board on the two reports of the committees, and the majority report against the change of boundaries was rejected.   The minority report in favor of said change was decided and accepted by a yea and nay vote, and resulted in eight yeas and seven nays, two members present not voting, and that no further or other action was taken except to declare the report of the committee accepted, and it is upon that state of facts that defendant clerk and treasurer threaten to act.

. "Affiant says that said board has a set of rules governing their proceedings, rule 8 of which is: ' In order to carry any question it shall be necessary for a majority of the members present to vote in the affirmative.' "

Section 912 of the Consolidated Statutes provides: " Two-thirds of all the supervisors elected in any county shall constitute a quorum for the transaction of business, and all questions which shall arise at meetings shall be determined by the votes of a majority of the supervisors present, except in cases otherwise provided for."   It is the duty of all members present to vote upon every proposition properly before the board for its determination.   The members are to transact the county business.   It may be presumed that each member intends to perform his duty faithfully and efficiently.   This requires him to use his

best judgment and act upon every proposition submitted. If one member may shirk his duty in that regard why may not all? The intention of the law is that all present shall vote. The law is not that only a majority of those voting shall be necessary, but of those present. Each member takes an oath to faithfully discharge his duty. This means every duty—not such as he may desire to discharge, but every duty connected with his office. It is his duty, therefore, to vote upon every proposition properly before the board, and if two voters are present but do not vote, they are nevertheless to be counted in making up the aggregate of the votes. The petition therefore states a cause of action, and the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.